UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


LIZA C. ARIZA

VERSUS

LOOMIS ARMORED US, LLC

CIVIL ACTION

NUMBER 13-419-SDD-SCR

**RULING ON MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Before the court is a Motion to Compel Production of Documents filed by plaintiff Liza C. Ariza. Record document number 15. The motion is opposed.[1]

Plaintiff Liza C. Ariza filed this action against her former employer, defendant Loomis Armored US, LLC, for violations of the Americans with Disabilities Act, the Family and Medical Leave Act and Title VII. Plaintiff also alleged supplemental state law claims under the Louisiana Employment Discrimination Law.[2]

The subject of this motion are three requests for production of documents: Requests for Production Nos. 2 and 21 in the Plaintiff's First Set of Discovery Requests to Defendant served on October 16, 2013, and Request for Production No. 24 in the

---

[1] Record document number 27. Plaintiff also filed supplemental memoranda. Record document numbers 26 and 30.

[2] Record document number 1, Complaint, ¶ 1, Nature of the Case. Plaintiff alleged that Patrick LaFollette was her direct supervisor and that he engaged in sexual harassment toward her in violation of Title VII. Although the record does not reflect a dismissal of this claim, the plaintiff stated in her motion that she has withdrawn her sexual harassment claim against LaFollette. Record document number 15, ¶ 10.

Plaintiff's Second Set of Discovery Requests to Defendant served on February 28, 2014.  Plaintiff's motion is resolved as follows.

Request for Production Number 2: Plaintiff requested production all non-privileged emails and correspondence that relate to her during the period of February 2008 to the present. Plaintiff asked the defendant to search for all emails on all computers in all offices, including the computers of supervisors Lauren Baronet, Stacie Robinson, Patrick LaFollette, district manager Marty Gray, HR corporate manager Teri Turet, Elizabeth Calloway, and Rebekah Jackson.

Plaintiff asserted that the defendant's response was deficient for two reasons - one related to relevant emails between its employees and the other related to LaFollette's text messages.

Plaintiff complained that the defendant's November 26, 2013 response had only six emails from the Baton Rouge office dated from early in 2012, and when told that too few emails were produced, the defendant provided only three more emails dating from May 2008.[3] Plaintiff claimed that more emails exist because: (1) after she was promoted to evening vault supervisor she would be included in daily closing emails, yet none of these emails were produced; (2) district manager Gray oversees the Baton Rouge branch but works from Memphis, Tennessee using email, mail and phone, yet the defendant only provided one email from Gray; (3) the emails do not

---

[3] Record document number 15-2, Plaintiff Exhibit 4.

reflect her years of employment, and it appears that only unfavorable emails were selected for production; and (4) when the plaintiff was on leave before her termination, the Baton Rouge office would have communicated with the corporate office during this period of time.

In its opposition memorandum, the defendant maintained that it has produced all relevant, non-privileged emails and documents in response to the plaintiff's document requests, including all emails/correspondence between its personnel and the plaintiff. Defendant stated, however, that it has relevant emails between its personnel that it will not produce because they are protected, work product documents. Defendant particularly asserted this protection for any emails between its personnel that are related to the plaintiff's claim and dated after plaintiff's counsel's June 13, 2012 letter. Defendant maintained these are protected as communications in anticipation of litigation.

In supplemental memoranda, the plaintiff stated that: (1) the recent deposition of defendant's human resources manager, Elizabeth Calloway, and other documents demonstrate that the defendant has relevant emails it has not produced;[4] and (2) the defendant has waived work-product protection for the relevant emails and

---

[4] Plaintiff stated that a more specific request seeking these same documents was served on the defendant May 21, 2014. This is plaintiff's Request for Production No. 42. Record document number 26, p. 2. According to the plaintiff, the defendant responded that it had no emails that it had not already provided.

3

documents it refused to produce because it failed to timely invoke and support its assertion that the documents are protected trial-preparation material.[5]

Plaintiff's arguments are persuasive. Under Rule 26(b)(5), Fed.R.Civ.P. a party who withholds relevant, discoverable information may not rest on blanket assertions that the information is privileged or protected as trial preparation material. As explained in the rule, a claim that information/documents are protected work product must be expressly made and a description of the withheld documents (which is commonly provided in the form of a privilege log) must be provided. The producing party must describes the nature of the documents and other information in such a way that, without revealing the protected information itself, enables the other party to assess the privilege claim.[6] Neither in its discovery responses nor in its response to this motion did the defendant properly support a claim of work product protection as required by Rule 26(b)(5)(A). Consequently, the defendant's unsupported objection cannot be upheld. Having asserted the protection, been put on notice that the claim is unsupported, a

---

[5] Plaintiff noted that emails between the defendant's employees and the defendant's attorney are not being sought.

[6] With regard to an assertion of work product protection, the identification/description of the documents is necessary so the requesting party can test whether the documents were prepared in anticipation of litigation, or in fact produced in the ordinary course of business, and therefore, not protected.

4

finding that the defendant has waived its work product claim is justified. Therefore, the defendant will be required to produce all relevant withheld emails and correspondence, without objections, within 14 days.

Plaintiff also argued that the defendant should have, but did not, produce LaFollette's cell phone, and/or the text messages from his cell phone that he sent to and received from the plaintiff, and text messages sent to and received from the plaintiff's other supervisors.[7] Plaintiff argued that these documents are relevant because LaFollette was her direct supervisor. According to the plaintiff, they will help show the essential functions of her job, whether she met those functions, and why the defendant kept her on leave and would not allow her to return to work.

Defendant's opposition to the motion indicates that the defendant has produced any remaining LaFollette text messages.[8] Therefore, there is no basis to order any further production of text messages.

<u>Request for Production Number 21</u>: Plaintiff requested production of LaFollette's the complete personnel and disciplinary

---

[7] Plaintiff noted that she provided the defendant with the text messages she sent to LaFollette and even sent her phones to the defendant. However, the plaintiff stated since one of her phones was damaged and those text messages cannot be retrieved, the lost messages can only be obtained from LaFollette's cell phone

[8] Record document number 27-1, Exhibit B.

5

files.[9]  Plaintiff asserted that the documents remain relevant even though she has withdrawn her sexual harassment claim.  Plaintiff argued the files are relevant because they may show whether LaFollette was only following orders in asking her to accept leave, and if LaFollette was reprimanded for any misconduct that would indicate her harassment claims against him were valid and not frivolous as the defendant alleges.  Defendant asserted that the files have no references to this litigation or the plaintiff.

Given the plaintiff's statement that she is not pursuing her sexual harassment claim against LaFollette, the plaintiff's argument that his personnel files are relevant to her ADA/FMLA claims is tenuous at best and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff's request to compel production of LaFollette's personnel and disciplinary files is denied.

<u>Request for Production Number 24</u>: Plaintiff requested production the video recording of her having a seizure at work on June 5, 2012.  Plaintiff stated that it is relevant because the defendant disputes that the seizure occurred. Defendant responded that a video of the alleged event does not exist because it retains only the last 90 days of surveillance video.  However, the plaintiff submitted a statement that she was informed by LaFollette

---

[9] Plaintiff's request for production refers to "files," whereas the defendant referred to a "file."  This ruling is intended to apply to LaFollette's personnel or disciplinary information, whether maintained in a single file or multiple files.

6

and others that surveillance video would be kept for years. Therefore, she asserted, the defendant still has the video from that date and should be ordered to produce it.[10]

In response to the plaintiff's document request and this motion, the defendant stated that it has determined that a surveillance video from June 5, 2012 does not exist. According to the defendant, it has confirmed that the recordings last for 90 days and then are recorded over.[11]

Plaintiff's statement is not an affidavit or declaration under penalty or perjury, and rests entirely on hearsay statements, some coming from unidentified individuals. The statement is insufficient to support ordering the defendant to produce evidence it confirmed does not exist.

Accordingly, the Motion to Compel Production of Documents filed by plaintiff Liza C. Ariza is granted in part. Defendant shall produce all documents responsive to the Plaintiff's Request for Production Numbers 2 and 21 that it withheld on the ground they are protected work product,[12] without objections, within 14 days. The remaining aspects of the plaintiff's motion are denied.

Under Rule 37(a)(5), the parties shall bear the respective

---

[10] Record document number 15-2, Plaintiff exhibit 3.

[11] Record document number 27, Defendant exhibit C.

[12] As explained above, Request for Production No. 42 was a more specific document request that fell within the scope of Request for Production No. 2. Plaintiff propounded the request after the deposition of Calloway was taken on May 8, 2014.

costs incurred in connection with this motion.

Baton Rouge, Louisiana, July 9, 2014.

                                             /s/ Stephen C. Riedlinger
                                             STEPHEN C. RIEDLINGER
                                             UNITED STATES MAGISTRATE JUDGE