UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LIZA C. ARIZA

VERSUS

LOOMIS ARMORED US, L.L.C.

CIVIL ACTION

NUMBER 13-419-JWD-SCR

## RULING MOTION FOR SANCTIONS AND MOTION TO COMPEL

Before the court is the Defendant Loomis Armored US, LLC's Motion for Sanctions Against Plaintiff Liza C. Ariza For the Unauthorized Procurement of Documents From Loomis's Premises and Request for the Court to Compel Plaintiff to Identify the Individual Who Conducted the Unauthorized Entry and At Whose Request. Record document number 83. The motion is opposed.[1]

Defendant filed this motion seeking redress for the alleged unauthorized procurement of photographs of (1) documents which identify eight Loomis employees and their weapons training scheduled for April 22, 2014; (2) the daily terminal closing checklist dated October 15, 2013; and (3) the inside of the Loomis armored vehicle and of the inside of the vault facility. Defendant argued that these photographs were part of the plaintiff's expert's file, which was produced at his deposition on August 6, 2014. Defendant asserted that the plaintiff directly contacted one of the defendant's employees and asked the employee to access and

---

[1] Record document number 90. Defendant filed a reply memorandum. Record document number 93.

photograph documents which were located on the defendant's main computer, which is in a locked room. Defendant requested that the plaintiff be sanctioned for these actions and compelled to identify the employee who obtained the photographs and the person who directed the employee.

Plaintiff asserted that the photographs were obtained as part of an independent investigation, which is not prohibited by Rule 26, Fed.R.Civ.P. Plaintiff asserted that the Loomis employee who took the photographs had authority to enter the defendant's property and the rooms where the photographs were taken, and to operate the equipment shown in the photographs. Plaintiff asserted that the contact with the employee was proper under Louisiana's professional ethical rules. Plaintiff argued that the defendant's request for identification of the employee is untimely because fact discovery ended on May 31, 2014. Plaintiff also noted that the defendant's request for identification was made more than six months after its receipt of the photographs. Regardless, the plaintiff argued that this information was protected as attorney work product.

Defendant argued that the plaintiff's agent was not authorized to photograph the records at issue and that only a supervisory employee would have access to the computer system which contained the photographed documents. Defendant asserted that its employee handbook strictly prohibits employees from having video cell phones on company property and/or taking photographs of anything on the

premises. Defendant argued that procurement of these documents pose a risk to its operations and employees in light of the nature of its business. Defendant also argued that the timeliness of its motion to compel should be overlooked because the photographs were obtained prior to the fact discovery completion deadline, but were produced after deadline.

Defendant did not argue that the photographs are responsive to any timely-served interrogatory or request for production of documents. And obviously Loomis already possessed the documents and had access to its facility and the vehicle. Loomis had the photographs for more than six months before filing this motion. That it did not realize it had the photographs cannot be blamed on the plaintiff. Defendant's motion is untimely.

Untimeliness aside, the defendant did not cite any authority which authorizes the court to grant the relief requested. Defendant has not shown that Rules 11 or 37, Fed.R.Civ.P., are applicable in these circumstances, or that the court has the inherent authority to require the plaintiff to identify the cooperating Loomis employee or the person directing him.[2] Any issues concerning the authenticity of the photographs or the documents they depict, the foundation for testimony regarding them, or the credibility of any witness offered to establish either, can be addressed when the photographs are offered in evidence.

---

[2] It is not necessary to address whether the identity of the Loomis employee is protected work product.

Accordingly, the Defendant Loomis Armored US, LLC's Motion for Sanctions Against Plaintiff Liza C. Ariza For the Unauthorized Procurement of Documents From Loomis's Premises and Request for the Court to Compel Plaintiff to Identify the Individual Who Conducted the Unauthorized Entry and At Whose Request is denied.

Baton Rouge, Louisiana, September 4, 2015.

*signature: Stephen C. Riedlinger*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE